**No.** 24-7748

_____

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

_____

Robert Emert,

*Plaintiff-Appellant ,*

v.

CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES,
et al.,

*Defendant-Appellee*

On Appeal from the United States District Court
for the Southern District of California
Case No. 3:24-cv-02072-CAB-JLB

_____

EMERGENCY MOTION FOR CONTINUANCE UNDER ADA AND

EQUITABLE TOLLING DUE TO MEDICAL EMERGENCY

_____

Robert Emert, Pro Se

2351 Vista Lago Terrace

Escondido, CA 92029

760-612-9328

robemert@msn.com

**INTRODUCTION**

Appellant Robert Emert moves for a continuance of the February 3, 2025 deadline for filing the Opening Brief due to a near-fatal STEMI heart attack suffered on December 10, 2024. This medical emergency constitutes both grounds for equitable tolling and a basis for reasonable accommodation under the Americans with Disabilities Act (ADA).

**FACTUAL BACKGROUND**

1. On December 24, 2024, this Court issued a scheduling notice setting February 3, 2025 as the deadline for Appellant's Opening Brief.
2. On December 10, 2024, prior to receiving this notice, Appellant suffered a STEMI heart attack - commonly known as a "widowmaker" heart attack due to its severe and often fatal nature.
3. A STEMI (ST-Elevation Myocardial Infarction) represents the most serious type of heart attack, with only a 6% survival rate according to medical documentation.
4. This medical emergency has temporarily impaired Appellant's ability to prepare legal filings during the critical recovery period, which typically requires 6-8 weeks of restricted activity under medical supervision.

**LEGAL AUTHORITY**

I. Equitable Tolling

The Ninth Circuit recognizes equitable tolling where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997). A near-fatal heart attack certainly qualifies as such a circumstance.

II. ADA Accommodations

The Americans with Disabilities Act requires reasonable accommodations for persons with disabilities in judicial proceedings. Tennessee v. Lane, 541 U.S. 509, 531-33 (2004). A scheduling accommodation following a major cardiac event represents precisely the type of reasonable modification contemplated by the ADA.

**ARGUMENT**

I. A Continuance is Warranted Under Equitable Tolling Principles

The timing and severity of Appellant's STEMI heart attack creates a clear basis for equitable tolling:

A. Extraordinary Circumstances

- The heart attack occurred before the scheduling notice was issued
- A 6% survival rate demonstrates the gravity of the medical emergency
- The standard recovery period directly impacts the current briefing schedule
- The temporary incapacity was entirely beyond Appellant's control

B. Due Diligence

- Appellant is moving promptly for relief upon stabilization
- The request is limited to the medically necessary recovery period
- Prior filings demonstrate consistent diligence in prosecution
- Relief sought is proportional to the medical circumstance

II. The ADA Requires Reasonable Scheduling Accommodation

The ADA's mandate for reasonable accommodation applies directly to court scheduling:

A. Qualifying Disability

- A STEMI heart attack constitutes a disability under the ADA
- The condition substantially limits major life activities during recovery
- Medical documentation confirms the temporary impairment
- The disability impacts ability to prepare legal filings

B. Reasonable Modification

- A schedule adjustment represents a reasonable accommodation
- The modification imposes no undue burden on the proceedings
- The relief sought is time-limited to the recovery period
- The accommodation preserves access to judicial process

**RELIEF REQUESTED**

Appellant respectfully requests:

1. A 60-day continuance of the February 3, 2025 Opening Brief deadline
2. Any other relief the Court deems just and proper to accommodate this medical emergency

**SUPPLEMENTAL BACKGROUND**

For the Court's complete understanding of the context surrounding these proceedings, Appellant provides the following executive summary of related matters that demonstrate the broader pattern of due process concerns:

**Executive Summary**

This case represents a manifest injustice resulting from a series of legal proceedings that can only be described as a farce and a sham. The root of this injustice lies in the collusion between Commissioner Ratekin, opposing counsel Dave Schulman and Sara Bear, and minor's counsel Matt Cord, who conspired to place Appellant's son in a "facility" for their own profit, divorce leverage, and cronyism. The fact that the supervising judge's wife is friends and coworkers with Appellant's ex-wife, and that the next supervising judge was a founding member of Dave Schulman's law firm, underscores the egregious lack of fairness and impartiality in these proceedings.

This case bears striking similarities to the well-known "Kids for Cash" scandal, in which a judge, recently pardoned by President Joe Biden, profited from illegally placing children in "facilities." When Appellant stood up to these corrupt actors and exposed their scam, he was subjected to relentless persecution by the family court, leading to a near-fatal heart attack as they attempted to institutionalize his son.

In a further abuse of power, Dave Schulman leveraged his extensive contacts within the District Attorney's office to initiate a baseless criminal prosecution against Appellant. Even the DA's own investigator, Luis Pena, admitted that the DA should never have taken the case and that Appellant would prevail if it went to trial. However, in a shocking turn of events, Investigator Pena later lied on his arrest warrant and probable cause declaration, pretending he had never made these statements to Appellant. Fortunately, Appellant possesses a recording that exposes this deception.

Appellant's attempts to seek justice in federal court have been met with systematic denial, as his cases are dismissed without even the benefit of an evidentiary hearing. In a transparent attempt to prevent appellate review, the district court has now resorted to denying Appellant's fee waiver status, enabling the circuit court to easily dismiss his case on procedural grounds, without regard for its merits.

Given the overwhelming evidence of judicial misconduct, collusion, and public corruption, Appellant will be submitting his complaint to the Federal Judiciary for review, as well as to the newly formed DOGE and the Federal Department of Justice. The facts of this case,

supported by irrefutable proof that the courts have thus far refused to consider, demand a thorough investigation and the pursuit of justice.

The above context underscores the critical importance of granting the requested continuance to ensure Appellant can fully present his case despite the medical emergency that has temporarily impaired his ability to do so.

**EXHIBITS**

Exhibit A - Notice of Recusal filed against Judge Robinson (May 28, 2024) This exhibit provides a concise summary of the numerous due process violations and instances of judicial misconduct that have plagued these proceedings. The recusal notice details the actions of Commissioner Ratekin, Judge Alksne, and Judge Robinson, which have collectively resulted in a manifest injustice and a mockery of the legal system. Specifically, it highlights:

1. Commissioner Ratekin's improper denial of Appellant's peremptory challenge and her attempts to place Appellant's son in a "facility" without evidence or due process.
2. Judge Alksne's denial of Appellant's access to hearings and trial following his heart attack, as well as her refusal to grant reasonable accommodations under the ADA.
3. Judge Robinson's failure to address the prior misconduct and her misapplication of legal standards, resulting in further denial of due process.

Exhibit B - Ninth Circuit Submission Regarding Jurisdictional Defect This exhibit contains Appellant's submission to the Ninth Circuit Court regarding the fundamental jurisdictional defect that renders most issues in all related cases moot. Due to the Southern California District Court's recent revocation of Appellant's fee waiver status, the Circuit Court has been procedurally unable to review this critical jurisdictional argument. The exhibit demonstrates the systematic barriers Appellant has faced in presenting substantive legal arguments for review.

Dated: February 17, 2025

Respectfully submitted,

*Rob Emert*

Robert Emert

2351 Vista Lago Terrace

Escondido, CA 92029

760-612-9328

robemert@msn.com

Appellant in Pro Se


**PROOF OF SERVICE**

I, Rob Emert, declare:

I am over the age of 18 years and not a party to this action. My address is 2351 Vista Lago Terrace Escondido, CA 92029.

On January 3, 2025, I served the foregoing EMERGENCY MOTION FOR CONTINUANCE UNDER ADA AND EQUITABLE TOLLING DUE TO MEDICAL EMERGENCY on:

Dave Schulman at dschulman@msmfamilylaw.com Sara Bear at sbear@msmfamilylaw.com DCSS - Erik Welton at erik.welton@sdcounty.ca.gov Office of the Inspector General (OIG) within HHS at HHSTips@oig.hhs.gov OCSE at OCSE.Complaints@acf.hhs.gov

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 17, 2025, at Escondido, California.

*Rob Emert*

Rob Emert

# EXHIBIT A

**ROBERT EMERT**

**2351 VISTA LAGO TERRACE**

**ESCONDIDO, CA 92029**

**760-612-9328**

robemert@msn.com

F I L E D
Clerk of the Superior Court

MAY 2 8 2024

By: I. Barnes, Deputy


### SAN DIEGO SUPERIOR COURT OF CALIFORNIA
### CENTRAL DIVISION


**ANDREA SCHUCK,**

        **PLAINTIFF,**

vs.

**ROB EMERT,**

        **respondent**

**19FL010852N – family court**

**Notice of Recusal of Judge Robinson;**

**CCP 170.1 and 170.3**

**Disqualification Notice of No Confidence**

**170.3(c)(6) – Evidentiary hearing request.**

Judge Robinson

**ROBERT EMERT**

**2351 VISTA LAGO TERRACE**

**ESCONDIDO, CA 92029**

**760-612-9328**

robemert@msn.com


**SAN DIEGO SUPERIOR COURT OF CALIFORNIA**

**CENTRAL DIVISION**

| | |
|---|---|
| **ANDREA SCHUCK,** | **19FL010852N – family court** |
|       **PLAINTIFF,** | **Notice of Recusal of Judge Robinson;** |
| | **CCP 170.1 and 170.3** |
| **vs.** | **Disqualification Notice of No Confidence** |
| **ROB EMERT,** | **170.3(c)(6) – Evidentiary hearing request.** |
|       **respondent** | Judge Robinson |

I am raising this objection and motion for recusal of Judge Robinson under CCP 170.1 and 170.3 because there has been an absolute breakdown in due process and the administration of justice in this case attributable to actions taken by Judge Robinson, as well as the previous judges overseeing my divorce and custody matters that Judge Robinson refuses to acknowledge. In addition, I am requesting an evidentiary hearing for this motion under 170.3(c)(6). A Federal Lawsuit has been filed concurrently regarding the ADA violations committed by Judge Robinson with an injunction request to the U.S. District Court of Southern California. That lawsuit will be served with this recusal motion. In that lawsuit, I also request the Federal District Court to issue a temporary restraining order enjoining the San Diego Superior Court from engaging in retaliatory actions against me, such as attempting to declare me a "vexatious litigant" without an evidentiary hearing in response to me simply trying to exhaust my state remedies and enforce my rights under the ADA.

The ongoing denial of my reasonable accommodation request by the San Diego Superior Court, as detailed in my federal lawsuit filed on 05/28/24, constitutes a clear violation of my rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq. The Superior Court's actions have denied me equal access to the court's services, programs, and activities, as prohibited by 42 U.S.C. § 12132.

Specifically, I have repeatedly requested the accommodation of remote participation in court proceedings due to my well-documented medical conditions (see Exhibit A of the federal complaint). The Superior Court's denial of this request, most recently on May 20, 2024 (Exhibit A), directly contravenes the ADA's mandate for public entities to provide reasonable accommodations to individuals with disabilities.

Relevant case law, such as Tennessee v. Lane, 541 U.S. 509 (2004), and Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001), firmly establishes that Title II of the ADA applies to state court proceedings and that public entities must provide reasonable accommodations to ensure equal access to the courts for individuals with disabilities.

The Superior Court's failure to comply with the ADA has resulted in irreparable harm, including the loss of my fundamental rights as a parent and litigant, through default judgments entered against me without a fair opportunity to be heard. The balance of equities and the public interest strongly favor granting injunctive relief to ensure compliance with the ADA and to protect the rights of individuals with disabilities.

Judge Robinson's continued involvement in my cases, despite the clear ADA violation and its detrimental impact on my ability to participate in the proceedings, raises serious concerns about bias and the appearance of impropriety. A judge who knowingly allows

such a violation to persist, even after being presented with compelling evidence and legal authority, cannot be considered impartial.

Moreover, case law demonstrates that when a plaintiff is denied equal access to the courts due to an ADA violation, the decision of the lower court should be overturned (see Popovich v. Cuyahoga County Court of Common Pleas, 276 F.3d 808 (6th Cir. 2002); Chisolm v. McManimon, 275 F.3d 315 (3d Cir. 2001); and Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001)). Judge Robinson's failure to address and rectify this clear ADA violation undermines the integrity of the judicial process and warrants her recusal.

In light of the ongoing ADA violation, its severe impact on my rights, and Judge Robinson's apparent disregard for the law and the principles of impartiality, I respectfully request that Judge Robinson recuse herself from all matters involving me. The federal lawsuit and the supporting exhibits provide compelling evidence of the ADA violation and its consequences, underscoring the urgent need for Judge Robinson's recusal to ensure a fair and unbiased judicial process.

On 05/20/24 Judge Robinson went against the ADA rules and denied my simple disability accommodation request. Judge Robinson has gone against the rules of court and ADA in denying me this basic right and accommodation under the ADA so I have filed a federal injunction to force the state court to follow the basic law of the land. I have easily exhausted my state remedies regarding this basic ADA matter. I have also filed/served with the Attorney General of California under title 18 U.S.C 241 and 242 criminal conspiracy allegations. The state courts need to stop snatching children from parents with zero clear and convincing evidence of unfitness to do so. The United States Supreme Court says you can't. I am a dedicated and loving father who has not seen his kids in over two years. Great job family divorce court industry of San Diego! Keep up the fantastic work tearing children away from loving parents for profit, divorce leverage and cronyism.

This court case gone off its rails could have been settled so easily if Dave Schulman did not act in such an unethical and criminal manner. My now almost 14 year old daughter simply wanted to be at her moms house a bit more during the divorce and I said of course, not an issue. My now almost 17 year old son asked for the same loving courtesy. Understanding that I was the one who tutored him for most of his life and he was emotionally coming undone during that time begging to be with me, you would think a loving parent would simply say, of course, go to your dads to get homework help or whatever. Ms. Schucks blind resentment was fueled by Dave Schulman and he and others have committed fraud upon the court where I have filed a criminal affidavit for criminal conspiracy under title 18

U.S.C. 241 and 242 against Dave Schulman, Patti Ratekin, Sara Bear, Matt Cord, Catie Young, Jesse Olague, Alana Robinson and Andrea Schuck. This has been served on the Attorney General of California and I will continue to follow up with the FBI public corruption unit with my evidence. There is an audio recording of the San Diego District Attorney Investigator telling me that most of this mess was caused by me "pissing off" the wrong people and that I had every right to protect and hold on to my son and that my sons attorney, Matt Cord, had simply aligned with Dave Schulman and NOT in my sons best interests and they were trying to put something together against me. There is an audio recording of this that can't be disputed.

Pursuant to California Code of Civil Procedure Section 170.3(c)(6), I request that this Court order an evidentiary hearing on the concurrent motion to disqualify Judge Robinson in this case. An evidentiary hearing allowing examination of witnesses and evidence is necessary to establish a complete factual record in support of disqualification and serve the interests of justice. Respondent contends that good cause exists to grant an evidentiary hearing given the facts indicating bias and partiality alleged in the motion to disqualify. Respondent therefore asks that this request for an evidentiary hearing on the 170.3 recusal motion be granted so I may fully present testimony and evidence for proper consideration of the merits. Respondent stands ready to participate and present witnesses and proof substantiating the matters asserted as grounds for judicial disqualification if the Court grants this request for an evidentiary hearing.

This entire legal fiasco stems from Dave Schulman and Patti Ratekin trying to defraud a pro se litigant and anyone who looks at the evidence knows this simple truth. Currently, Judge Robinson will not cure this runaway train of manifest injustice. The number of clear reversable errors and fraud upon the court will undoubtable be overturned at the 9th circuit at some point and I am simply exhausting my state remedies at this point.

I am a dedicated loving father. I have had all my parental rights and retirement account taken from me. How is that justice or fair in any universe? This is malicious retaliation of a whistleblower and Judge Robinson fails to do anything about it. Two Judges; 3 FCS reports, and 2 children's interviews had child custody at 50/50 for almost two years. Ratekin, comes in on day one within five minutes and wants to put my son in a "facility" for profit, divorce leverage and cronyism. Ratekins supervising judge's wife works with and is friends with my x wife and Ratekin brazenly denies my valid peremptory challenge. Dave Schulman (opposing counsel) and Schuck (x wife) fall right in line with this "facility" narrative that was pure insanity that has never been brought up and mountains of evidence indicate otherwise. I generally indicate to the court that a "facility" is never going to happen and provide evidence from teachers, counselors, Vice Principal's and people that

have known my son his whole life that goes ignored by Ratekin. Schuck is arrested for domestic violence against me and my son. Ratekin continues to ignore it all and brings in minor counsel to rubber stamp her facility narrative and they do just that. Schulman "recommends" a child psychologist that is out of insurance network and works across the street from him and he falls in line with this "facility" narrative. I provide evidence and try to provide more evidence that this narrative is incorrect, so Ratekin takes all my legal parental rights away so I am stopped in my tracks from simply getting doctors and therapists involved to prove my case that goes against her "facility" narrative. This RICO crew's actions give me a massive heart attack and on the day Ratekin recuses finally, she throws in a sucker punch of "supervised visitation" of me with my kids only based on a witness affidavit that witnessed fraud of the hired gun child psychologist. Not sure how Ratekin went from a witness reporting fraud to the court getting me supervised visitation but that was how desperate Ratekin and Schulman were at trying to burn me for profit, divorce leverage and cronyism and for calling out their corrupt and unethical ways.

**While this is not even a complete list of Ratekins violations, lets list a few:**

**Commissioner Ratekin;**

1. Stated intent to remove my son to residential care without evidence, violating due process rights under Troxel v. Granville.
2. Denied my properly filed CCP §170.6 peremptory challenge, contravening Local Rule 2.1.18; CA state rule Rule 2.831(c) and due process per Catchpole v. Brannon.
3. Acted as an unauthorized temporary judge barred by California Rules of Court, rule 2.818(c)(3), making orders void under Fewel v. Fewel.
4. Terminated my parental rights without proof of unfitness, violating due process as established in In re B.G.
5. Ignored my child's affidavits, witness statements, domestic violence arrests, psychological evaluations and pleas to the court, disregarding her duty of fairness under California Code of Judicial Ethics.
6. Exhibited clear bias and prevented questioning of witnesses contrary to confrontation rights under Davis v. Alaska.
7. Denied and or ignored all requests for an evidentiary hearing.

Then, Judge Alkne comes in and sees the mess that Ratekin and Schulman are in so she railroads through a trial and four hearings within a month shortly after I almost died of a heart attack that team RICO Ratekin caused and ignores my motion for a brief continuance and does not even allow me, my evidence or my witnesses into my own trial and hearings by remote. This was COVID time and everyone got remote access anyways. Alknse had a tantrum because my then 15 year old son was still living with me and I refused to turn him

over to continue to be abused by these vultures. I had legal necessity to protect my son under PC 278.7 and I had reached out to all the proper authorities and was operating within the law.

**Not an encompassing list, but let's look at a few of Alknse's violations:**

1. Ignored motions to disqualify and set aside Ratekin's orders, violating supervisory duties under CCP 128(a)(8) and 170.1.
2. Denied me access to hearings and trial after my heart attack, infringing due process rights under Goldberg v. Kelly.
3. Entered improper default judgment during my medical incapacitation contrary to fair hearing rights under Peralta v. Heights Medical Center.
4. Refused remote appearances and continuance despite ADA coordinator recommendations and California Rule of Court 3.1332 on accommodations.
5. Railroaded 4 hearings and a trial inside one month after my heart attack, disregarding Rule 3.1332 on continuances for medical reasons.
6. Denied and or ignored all requests for an evidentiary hearing.

Currenlty, Judge Robinson has the case and has and is refusing to correct this manifest injustice that amounts to a "farce and a sham". (State v. Cahill, 218 N.W.2d 907 (Iowa 1974)).

**While not an encompassing list, lets review some of Judge Robinsons violations:**

1. Most recently, denied my simple ADA disability request accompanied by a doctor's letter that clearly qualified under ADA and Cal Rules of Court, rule 1.1.
2. Ignoring the misconduct by Commissioner Ratekin and Judge Alksne.
3. Improperly claimed lack of jurisdiction for over a year to avoid addressing my default challenge, violating the duty to hear jurisdictional matters under Mowrer v. Superior Court.
4. Then asserted jurisdiction only after I was jailed pursuant to the default, precluding me from contesting it contrary to due process rights established in Nelson v. City of Irvine.
5. Delayed ruling on the default judgment's validity until after criminal proceedings conclude, violating the separation of powers under People v. Superior Court (On Tai Ho).

6. Refused to promptly hear the matter despite ongoing irreparable harm from losing custody rights recognized under California Rules of Court 3.1312(c) and Rodriguez v. Superior Court. Indicated that my son having a mental crisis and begging to come home is "not an ex parte matter".

7. Obstructed access to justice by contradicting jurisdiction stances and delaying hearings contrary to Smith v. Lewis.

8. Misapplied CCP 473(b) regarding my amended RFO's timeliness. I filed an original timely RFO under 473(b) on July 20, 2022 challenging the default judgments. An amended RFO filed on August 15, 2022 supplemented the facts but did not alter my original claims. Despite legal principles that amended pleadings relate back under CCP 471.5, Judge Robinson improperly relied solely on the amended RFO's filing date to deny relief as untimely under 473(b). But my original July 20, 2022 RFO was filed within 6 months of the January 2022 default and should have been considered on the merits. This misapplication of the relation back doctrine and CCP 473(b) timeliness requirements warrants reconsideration or appellate review.

9. These actions by Judge Robinson, in light of the prior misconduct by Ratekin and Alksne, demonstrate a clear pattern of bias, abuse of discretion, and disregard for due process. The failure to address and rectify the previous violations, and instead compound them with further improprieties, creates an undeniable appearance of bias requiring recusal under CCP 170.1.

10. Denied and or ignored all requests for an evidentiary hearing.


Judge Robinson's inability to be impartial and address the glaring due process violations has resulted in actual bias and a probability of unfairness, making disqualification necessary to ensure the integrity and fairness of the proceedings (CCP 170.1(a)(6)(A)(iii)).

The lack of impartiality is further established by the denial of motions and delay in hearing issues properly before the court. Failure to respect procedural requirements, consider substantive motions, provide prompt access to justice, and rectify prior judicial misconduct exhibits prejudice and embroilment (CCP 170.1(a)(6)(B); 170.3(c)(1)).

Accordingly, immediate recusal and transfer to an impartial judge is imperative to remedy these egregious due process violations and restore the appearance of justice, as required by CCP 170.1 and 170.3. The constitutional right to an unbiased judiciary demands nothing less.

As stated in Tumey v. Ohio, proceedings before a biased judge are "constitutionally unacceptable" and mere likelihood of bias is intolerable under the Due Process Clause.

The conduct and rulings of Ratekin, Alksne, and now Robinson demonstrate actual and probable bias necessitating disqualification.

I have raised these issues by written verified statement as obligated under CCP 170.3. The Court now has a duty to refer the matter to an independent judge for a determination. Failure to do so would further compromise due process and public trust.

Conclusion

When the judicial system is used to improperly punish and deprive liberty rather than safeguard rights, it turns the courts into instruments of oppression. I should not be subjected to a sham through procedural contrivances.

Orders with a lack of due process are voidable, as affirmed in cases like Mesarosh v. United States, 352 U.S. 1 (1956). I respectfully demand an end to this charade masquerading as justice.

Standards and Procedures for Recusal under CCP Section 170.3

Given the objections and concerns raised regarding the court's conduct compromising due process in this case, I request recusal under the standards and procedures set forth in California Code of Civil Procedure Section 170.3.

This statute provides that a judge shall be disqualified if:

1. The judge believes recusal would further the interests of justice (CCP 170.3(a)(1))
2. The judge believes there is a substantial doubt as to his or her capacity to be impartial (CCP 170.3(a)(6)(A)(iii))
3. A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial (CCP 170.3(a)(6)(A)(iii))

Where a motion for disqualification under 170.3 is filed, the judge must provide a written verified response indicating whether recusal is deemed warranted. The motion shall then be heard by another judge agreed upon by the parties or appointed by the presiding judge.

Here, recusal appears necessary and appropriate given the factors under 170.3. I request the court file the requisite verified statement on recusal so the matter may be properly heard by an independent arbiter. This process is imperative for public confidence in the impartiality and integrity of these proceedings.

Farce and a Sham, Notice of No Confidence

Judge Robinson, I have come to the difficult conclusion that these proceedings have devolved into an unlawful farce and sham necessitating your recusal.

Despite good faith efforts to raise objections properly, you have disregarded governing authorities requiring due process and a fair hearing. No person aware of the facts could view these proceedings as impartial or fair.

When a judge compromises the integrity of proceedings through sustained denial of rights, California precedent mandates recusal and intervention to halt irreparable harm. See People v. Carlucci, 23 Cal. 3d 249 (1979).

I understand you may tell me the recusal request is procedurally improper and react negatively to being challenged. However, respectfully, your actions have necessitated this objection. My ethical responsibility is to speak up against manifest injustice and demand adherence to constitutional rights.

While uncomfortable, objecting to an unfair process should not be punished. It is intended to uphold the law, not undermine it. I will continue to cite authorities you are bound by in the hope justice ultimately prevails over impropriety. The legitimacy of any legal system depends on protecting rights and ensuring fairness, even when inconvenient.

Therefore, with all due respect, I formally give notice of no confidence in further proceedings absent your recusal. I did not come to this conclusion lightly. But at this juncture, recusal appears necessary to restore integrity, propriety, and basic fairness. I hope we can move forward positively to achieve justice based on law, not its subversion.

VERIFICATION

IT IS HEREBY certified that the facts in the foregoing is true and correct under penalty of perjury to the best of my knowledge and belief. Attachments to this are true and correct copies of the items they purport to be. Dated 05/28/24


*Rob Emert*

Rob Emert

2351 Vista Lago Terrace

Escondido California 92029

robemert@msn.com

(760) 612-9328


ELECTRONIC SERVICE

I, Glenda Emert certify that on 05/29/24, I served: Notice of recusal of Judge Robinson by email to: dschulman@msmfamilylaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 05/28/24

*glenda emert*

Glenda Emert

EXHIBIT B

**No.** 24-6057

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

Robert Emert,

*Plaintiff-Appellant ,*

v.

ANDREA SCHUCK, et al.,

*Defendant-Appellee*

On Appeal from the United States District Court
for the Southern District of California
No. 3:23-cv-00230-RSH-AHG
Hon. Robert Steven Huie

_____

**FRAP 28(j) - LETTER TO THE NINTH CIRCUIT- SUPPLEMENTAL
AUTHORITIES IN SUPPORT OF APPELLANT'S NOVEMBER 27, 2024
RESPONSE TO THE COURT**

_____

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
760-612-9328
robemert@msn.com

Pursuant to Federal Rule of Appellate Procedure 28(j), I write to supplement my November 27, 2024 response regarding frivolousness by bringing the Court's attention to authorities demonstrating that Commissioner Ratekin's improper denial of my peremptory challenge created a structural defect requiring complete relief:

*People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993) and Estate of Eskra, 51 Cal.3d 943 (1991)* establish that improper denial of a *CCP §170.6* challenge renders all subsequent orders void ab initio. Any reliance on the February 4, 2021, verbal stipulation is legally irrelevant under controlling precedent. As held in *Stephens v. Superior Court, 30 Cal.4th 1082 (2002)*, a peremptory challenge may be filed any time before substantive rulings. In *re Marriage of Goodarzirad, 185 Cal.App.3d 1020 (1986)* specifically holds that initial agreement to a commissioner's authority is nullified by subsequent proper challenge where no substantive proceedings occurred.

*California Rules of Court, rule 2.831(b)* mandates written stipulation and judicial signature for temporary judge status. *Rule 2.834(b)(3)* categorically prohibits commissioners from acting as temporary judges with self-represented litigants absent specific written requirements. These mandatory protections cannot be waived by verbal stipulation.

This jurisdictional defect infects all related cases. What began as a straightforward custody matter has expanded into multiple proceedings due to systematic denial of

basic due process - specifically, the right to an evidentiary hearing denied for over four years across multiple courts.

The law is unambiguous: Commissioner Ratekin's orders are void ab initio, requiring all derivative proceedings be unwound to February 4, 2021, status. With respect, binding precedent leaves no discretion in this matter - these void orders cannot stand under California law or federal due process requirements.   I believe in our Judicial system and have exhausted all my state remedies to get the 9th Circuit for Justice.

12/06/24

Respectfully,

*Rob Emert*

Robert Emert

**CERTIFICATE OF SERVICE**

I certify that on 12/06/24, I electronically filed this Citation of Supplemental Authorities under FRAP 28(j) with the Ninth Circuit Court of Appeals via CM/ECF and served copies by email to:

williams@williamsiagmin.com,dpettit@pettitkohn.com,sbloch@pettitkohn.com

austin.uhler@sdcounty.ca.gov,dschulman@msmfamilylaw.com,carmela.duke@sdcourt

.ca.gov,peter@pqslaw.com,steven.inman@sdcounty.ca.gov,mcord@apjohnsonesq.com

Dated: December 6, 2024

*Rob Emert*

Robert Emert

2351 Vista Lago Terrace Escondido, CA 92029

760-612-9328

robemert@msn.com

**CERTIFICATE OF COMPLIANCE**

I certify that this letter contains 294 words, excluding the parts exempted by

Federal Rule of Appellate Procedure 32(f). This letter complies with Federal Rule

of Appellate Procedure 28(j)'s 350-word limit.

12/06/24

Robert Emert

*Rob Emert*